**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
No. _____

_____

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                    **COMPLAINT**

GENERAL DYNAMICS CORPORATION,
GENERAL DYNAMICS LAND SYSTEMS, INC.,
LEXAR CORPORATION, AND
UNITED TECHNOLOGIES COMMUNICATIONS
COMPANY,

Defendants.

_____

Plaintiff, the United States of America, on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), by its undersigned attorneys, alleges as follows:

## STATEMENT OF THE CASE

1. This is a civil action under Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606 and 9607. The United States seeks to recover costs incurred and to be incurred in conducting actions in response to the release or threatened release of hazardous substances at or from the General Dynamics Longwood Superfund Site ("Site) in Longwood, Seminole County, Florida. The United States also seeks

injunctive relief requiring the Defendants to perform certain response actions at the Site consistent with the national contingency plan, 40 C.F.R. Part 300.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action, and the parties hereto, pursuant to 42 U.S.C. §§ 9606 and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this district under 42 U.S.C. §§ 9606(a) and 9613(b), and 28 U.S.C. § 1391(b), because the release and/or threatened release of hazardous substances that give rise to this Complaint occurred in this district and because the Site is located in this district.

## DEFENDANTS

4. General Dynamics Corporation ("General Dynamics") is a corporation organized under the laws of Delaware with its corporate office located in Reston, Virginia.

5. General Dynamics Land Systems, Inc. ("General Dynamics Land Systems") is a corporation organized under the laws of Delaware with its corporate office located in Sterling Heights, Michigan. It is a wholly owned subsidiary of General Dynamics.

6. Lexar Corporation ("Lexar") is a corporation organized under the laws of Delaware which does not maintain corporate offices.

7.      United Technologies Communications Company ("UTCC") is a corporation organized under the laws of Delaware which does not maintain corporate offices.

8.      The Defendants are "persons" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## STATUTORY FRAMEWORK

9.      CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a), 9601(25).

10.     Under Section 104(a)(1) of CERCLA:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment . . . .

42 U.S.C. § 9604(a)(1).

11.     For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and,

within certain limits, the Regional Administrators of EPA have been re-delegated this authority, which has been further re-delegated, in EPA Region 4 to the Director of the Superfund and Emergency Management Division.

12. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section —
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for —
>> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan;

13. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides, in pertinent part:

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may . . . secure such relief as may be necessary to abate such danger or threat . . . .

## GENERAL ALLEGATIONS

14. The Site encompasses approximately 8.2 acres and is located at 1222 North U.S. Highway 17-92 in Longwood, Seminole County, Florida.

15. Dynatronics operated at the Site from approximately 1959 to March 1966, when General Dynamics acquired Dynatronics and began operating at the Site.

16. From approximately March 1966 to 1979, General Dynamics manufactured circuit boards at the Site.

17. From approximately 1979 to 1982, General Dynamics Land Systems conducted telecommunications systems operations at the Site.

18. From approximately 1982 to 1988, Lexar conducted telecommunications systems operations at the Site.

19. From approximately 1984 to 1988, UTCC conducted telecommunications systems operations at the Site.

20. The circuit board and/or telecommunications systems operations by Defendants employed solvents or vapor degreaser for parts cleaning, which included trichloroethylene ("TCE").

21. In February 2007, during remedial investigation activities at the adjacent Sprague Electric Company Superfund Alternative Site ("Sprague Site"), EPA discovered possible releases at the Site. Specifically, analytical results of groundwater samples indicated that septic tanks, sumps, drain fields, and an area in the vicinity of a former vapor degreaser at the Site were likely sources of elevated volatile organic compounds ("VOCs") in groundwater.

22. EPA tasked the Florida Department of Environmental Protect ("FDEP") with conducting a Site Inspection ("SI") at the Site. Between June 2007 and January 2008, FDEP conducted an SI and, as part of the SI, FDEP took samples of

surface soil, subsurface soil, and groundwater at eight areas of concern ("AOCs"): AOC-A (former vapor degreaser area located inside Building 3); AOC-B (paint and plating building); AOC-C (septic drain field south of the paint and plating building); AOC-D (septic drain field east of the paint and plating building); AOC-E (septic drain field west of Building 1); AOC-F (septic drain field west of Building 2); AOC-G (septic drain field west of Building 2); and AOC-H (unnamed drainage ditch south of Building 3). The soil sampling results for chromium and lead at AOC-B measured above FDEP's Soil Cleanup Target Levels ("SCTLs") for Direct Exposure Residential Criteria. Analysis of groundwater samples indicated the presence of vinyl chloride, 1,1-Dichloroethene ("DCE"), Cis 1,2-DCE, TCE, and tetrachloroethene ("PCE") at levels either exceeding FDEP's Groundwater Cleanup Target Levels or the Maximum Contaminant Levels ("MCLs").

23. In 2008, EPA separated the Site from the adjacent Sprague Site. Thus, the Site is limited to contamination from releases that occurred within the boundary of the Site.

24. EPA proposed the Site for inclusion on the National Priorities List ("NPL") on April 9, 2009. The Site was added to the NPL on September 29, 2010.

25. Defendants conducted a March 27, 2014, Remedial Investigation ("RI") and Feasibility Study ("FS") under the terms of an Administrative Settlement Agreement and Order on Consent ("ASAOC"). The RI investigated four areas of

concern: AOC-A (vicinity of former vapor degreaser in Building 3); AOC-B (surface soils in excess of FDEP's SCTLs in the vicinity of the former paint and plating building); AOC-C (septic tank on the east side of the Site) and AOC-D (septic tank on east side of the Site). The RI results found that elevations of VOCs in groundwater at the Site indicate the possibility of a historic release of 1,1,1-trichloroethane ("1,1,1,-TCA") or PCE in around AOC-A.

26. On July 25, 2022, EPA published notice of the completion of the FS and of the Proposed Plan for remedial action. EPA provided an opportunity for the public to comment from July 29 to August 28, 2022.

27. EPA selected a remedy for the Site, which remedial action is embodied in a Record of Decision ("ROD"), executed on September 23, 2022, with which the State of Florida has concurred. The ROD includes EPA's responsiveness summary to the public comments.

28. The Site is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

29. Hazardous substances as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), have been released at the Site, and/or there is a threat of such release at the Site, as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

30. The United States has incurred response costs for actions taken in response to the release or threat of release of hazardous substances with respect to the Site

through the date of filing of this complaint. The United States will continue to incur response costs in connection with the Site in the future.

31. The United States' response actions taken with respect to the Site and the costs incurred related to those actions are not inconsistent with the National Contingency Plan, which was promulgated under Section 105(a) of CERCLA, 42 U.S.C. § 9605, and is codified at 40 C.F.R. Part 300 *et seq.*

32. Defendants are liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

## FIRST CLAIM FOR RELIEF

### (Cost Recovery by the United States under CERCLA Section 107, 42 U.S.C. § 9607)

33. Paragraphs 1 through 32 are re-alleged and incorporated herein by reference.

34. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants are jointly and severally liable to the United States for all unreimbursed response costs incurred by the United States with regard to the Site through the date of filing of this complaint together with accrued interest. The United States is also entitled to a declaratory judgment pursuant to 42 U.S.C. § 9613(g)(2) that Defendants are liable for response costs that will be binding on any subsequent action or actions to recover further response costs to be incurred by the United States with respect to the Site.

## SECOND CLAIM FOR RELIEF

## (Injunctive Relief under CERCLA Section 106, 42 U.S.C. § 9606)

35. Paragraphs 1 through 34 are realleged and incorporated herein by reference.

36. The President, through his delegate, has determined that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of a release of hazardous substances or a threatened release of hazardous substances at and from the Site.

37. Pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Defendants are jointly and severally liable to perform the remedial actions identified in the ROD, including amendments thereto, which actions EPA has determined are necessary to abate a danger or threat with respect to groundwater contamination at the Site.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that the Court:

1. On the First Claim for Relief, enter judgment against Defendants and in favor of the United States for all response costs incurred by the United States in connection with the Site;

2. On the First Claim for Relief, enter a declaratory judgment against the Defendants and in favor of the United States, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that Defendants are liable for response costs,

that will be binding on any subsequent action or actions to recover further response costs to be incurred by the United States with respect to the Site;

3. On the Second Claim for Relief, enter judgment against Defendants and in favor of the United States ordering Defendants to perform the response actions selected in the ROD to abate the conditions at the Site;

4. Award the United States its costs of this action; and

5. Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

*/s/ Patricia McKenna*

PATRICIA McKENNA
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

*/s/ Patricia L. Hurst*

PATRICIA L. HURST
Senior Counsel
DC Bar No. 438882
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044-7611
Telephone: (202) 307-1242
Patricia.Hurst@usdoj.gov

ROGER B. HANDBURG
United States Attorney

LACY R. HARWELL, JR.
Assistant United States Attorney
FBN 714623
Office of the United States Attorney
For the Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Telephone: (813) 274-6000
Randy.Harwell@usdoj.gov


OF COUNSEL:

YELIANN MONTAÑEZ
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street SW
Atlanta, GA 30303